[Civil No. 1938.   Filed March 10, 1922.]

[204 Pac. 1017.]

## FRANCISCO VARELA, Appellant, v. BERTRAM McC. REID, Appellee.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE DEFINED.—The legal duty which, when breached, precludes recovery by the injured party, is the duty imposed upon all men to observe ordinary care.

2. TRIAL—INSTRUCTIONS THAT DISREGARD OF RULE MADE FOR SAFETY OF AN EMPLOYEE PREVENTED RECOVERY HELD ERROR, THE QUESTION BEING FOR THE JURY.—Under Constitution, article 18, section 5, providing that the defense of contributory negligence or assumption of risk shall be left to the jury, in an action for death of an employee caused by being struck by the lever of a stump puller while walking behind it contrary to a rule of the employment and warning by his employer, an instruction that, if the deceased violated the rule of the employer, and as a result thereof received the injuries from which he died, plaintiff could not recover, and, further, that it was the duty of the employer to promulgate rules for the safety of employees, and that, if the defendant prepared and promulgated such rules as were necessary for the protection of the employee, and the death was the direct and proximate result of their violation, plaintiff could not recover, were erroneous, as preventing the jury from determining whether the failure of deceased to obey the rule was in fact negligent, and lacking in ordinary care, and as telling the jury that the failure of the deceased to follow the rule of the defendant not to walk behind the lever constituted negligence as a matter of law, which would bar recovery.

3. TRIAL—DUTY OF COURT IN INSTRUCTING AS TO CONTRIBUTORY NEGLIGENCE STATED.—The court may properly instruct the jury as to the existence and nature of the duty of every person to exercise

ordinary care for his own safety, though under Constitution, article 18, section 5, contributory negligence is a question for the jury, and may and should instruct the jury that, if they find the acts or omissions sufficiently pleaded as contributory are proved, and that they are lacking in the ordinary care which the plaintiff by law was required to exercise for his own safety, and proximately caused, or contributed to, his injury, the plaintiff should not recover, and that the finding of the jury on the question so submitted is conclusive.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Reversed.

### STATEMENT OF FACTS.

On March 6, 1920, one Frank Varela, aged nineteen years, was in the employment of appellee, and engaged in driving a span of mules, hitched by means of a chain to the beam or sweep of a stump-pulling machine. The chain broke, and the beam flew back and struck Varela, inflicting injuries upon him which resulted in his death two days later. The stump-pulling machine is described as an apparatus operated on the principle of a capstan, revolved on a vertical axis by means of a lever or bar about fifteen feet long, to the free end of which the mules were hooked by a chain and doubletree. To the drum was fastened a steel wire or cable, which was wound around the drum by the revolution of the bar; the force thus exerted being utilized to extract stumps to which the loose end of the cable had been attached. In connection with the drum was a ratchet wheel, with a pawl, or dog, which latter was designed to engage with the teeth or ratchet of the wheel to hold the strain from the opposing pull of the stump, and to prevent the beam from flying or moving backward on cessation of the forward pull on the bar.

This action was brought against appellee by appellant, the father of said minor, under title 23 of Civil Code of 1913, to recover the damages the estate of

the minor had sustained by reason of his death. The complaint, with other charges of negligence, alleged that the chain which broke was weak and defective, and too small for the work; that the ratchet wheel, pawl, and drum were so out of order and adjustment that the beam, when released by the breaking of the chain, turned backwards with great force, striking deceased; and that the consequent injury was the result of such negligent acts and omissions.

The defendant denied all the allegations of the complaint, and, amongst other special pleas, alleged contributory negligence on the part of the deceased in disobeying a rule of his employment, in that, after being warned of the danger of the employment, and instructed as to the necessity of walking outside the circumference of the circle made by the outer end of the beam, he did "carelessly and negligently get behind said beam or sweep and drive said team of mules," whereby said injury was occasioned.

The cause was tried before a jury, which found for the defendant, and judgment was rendered by him on the verdict. The court denied plaintiff's motion for new trial, and from such order and the judgment plaintiff has appealed. Further facts will be stated in the opinion.

Mr. Thos. D. Molloy, for Appellant.

Mr. Richard E. Sloan, Mr. C. R. Holton, Mr. E. G. Scott, and Mr. C. A. Lindeman, for Appellee.

FLANIGAN, J. (After Stating the Facts as Above.) The giving of the following instructions is assigned as error:

"You are further instructed that, if you find from the evidence that the deceased, Frank Varela, deliberately and unnecessarily, and without excuse, violated the rule of his employer, made for his own safety,

that rule being, at the time of the violation thereof, alive and in force, that is, not waived by the consent of the defendant Reid, and that, as a direct result of said violation, the said deceased received the injuries from which he died, then the plaintiff in this action cannot recover.''

"You are further instructed that it is the duty of an employer, engaged in a complex and dangerous business undertaking, to adopt and promulgate such rules and regulations for the conduct of such business as will afford reasonable protection to his employee, and that, if you find from the evidence that the defendant in this action prepared such rules and promulgated such rules as are necessary for the protection of his employee, and that the injury and death complained of in the plaintiff's complaint was the direct and proximate result of the violation of such rule or rules by the decedent, then the plaintiff cannot recover.''

The rule adverted to in these instructions, according to the testimony of the defendant, consisted in a direction he gave the deceased to "stay away from behind the lever,'' because it was more or less dangerous to walk there. He testified also that the deceased usually obeyed this direction, but that once or twice he got careless and had to be ordered out. There was testimony that the condition of the ground outside the circle made by the revolutions of the bar, because of weeds and holes, was such as to render it difficult and impracticable to do the work there.

There was evidence tending to show the negligence of the defendant as charged. It cannot therefore be said that the instructions do not concern the subject matter of contributory negligence; for, if the defendant was guilty of negligence in the first instance, which caused the accident, the only defense left to him arising from the negligence of deceased would be that of contributory negligence. *Davis* v. *Boggs,* 22 Ariz. 497, 199 Pac. 116.

" 'Contributory negligence in its legal significance is such an act or omission on the part of plaintiff, amounting to an ordinary want of care, as, concurring or co-operating with the negligent act of defendant, is the proximate cause or occasion of the injury complained of.' 29 Cyc. 505." *Arizona Eastern R. R. Co.* v. *Bryan,* 18 Ariz. 106, 115, 157 Pac. 376.

The legal duty, which, when breached, precludes recovery by the injured party, is simply "the duty imposed upon all men to observe ordinary care" (R. C. L. 106); or, as was said in the leading case of *Butterfield* v. *Forrester,* 11 East, 60 (1809):

"One person being in fault will not dispense with another's using ordinary care for himself."

The rules generally accepted as to the respective functions of courts and juries in determining contributory negligence, and the departures from the true theory which undoubtedly brought about the adoption of provisions like ours in Constitutions and statutes, are set forth by Labatt in his work on Master & Servant, second edition, volume 3, section 1244:

"Whether the action of an injured servant is barred on the ground that he was negligent is a mixed question of law and fact. What duty is to be implied as incident to the relation which he holds to his employer is always a matter for the determination of the court. What constitutes a dereliction of that duty is a matter primarily for the jury. It was recently laid down in the English Court of Appeal that a verdict negativing fault on the servant's part is usually conclusive; and in a theoretic point of view this statement would doubtless be accepted as correct in the United States, also. But it seems safe to say that the principle which it embodies has not always been observed in practice. The American courts, more especially, as is strikingly indicated by many of the decisions cited in the ensuing sections, have gone to such extreme lengths in controlling and setting aside verdicts, that it seems to be often difficult, if not impossible, to acquit them of ignoring altogether the true

boundary line between their own functions and those of juries.''

Our constitutional provision (section 5, article 18) which reads:

''The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury''

—was a part of our Constitution when Arizona was admitted into the Union, and was adopted to recognize and conserve, if not to bestow, against possibility of curtailment, the plenary right of suitors to the determination, of the defenses of contributory negligence and assumption of risk, by a jury. This constitutional provision has been construed and applied by this court in several cases, notably, *Inspiration Consolidated Copper Co.* v. *Conwell,* 21 Ariz. 480, 190 Pac. 88, and *Davis* v. *Boggs, supra,* it being held in the former case:

That ''the power or duty to finally and conclusively settle the question of contributory negligence or assumption of risk is, by its terms, transferred from the court to the jury,'' and that ''the evident purpose and intent of the provision is to make the jury the sole arbiter of the existence or nonexistence of contributory negligence or assumption of risk in all actions for personal injuries.''

And in that case it was declared that, though ''it would have been the duty of the trial court to have granted the defendant a new trial on the ground that the verdict was contrary to the evidence on the question of the assumption of risk,'' because the language of the Constitution was plain and unambiguous the verdict of the jury upon the question, by virtue of the constitutional mandate, was conclusive upon the court.

The decisions in these cases followed the construction placed by the Supreme Court of Oklahoma on.

article 23, section 6, of the Constitution of that state (from which our own provisions were taken), as shown more particularly in the Oklahoma case of *Cole* v. *Dickinson,* 177 Pac. 570, cited in the Conwell case.

The Oklahoma Supreme Court, construing the constitutional provision of that state, has held that the court is precluded thereby from instructing the jury whether the facts do or do not constitute contributory negligence.

In *Pioneer Hardwood Co.* v. *Thompson,* 49 Okl. 502, 153 Pac. 137, the following language is used:

"The court has no right to tell the jury that if they believe, from the evidence, certain facts exist, that such facts, as a matter of law, constitute contributory negligence, and that they should so find. But it is the duty of the court also to leave to the jury the right to draw the ultimate conclusion from the facts, if found, whether or not contributory negligence exists as a matter of fact."

In *Wichita Falls & N. W. R. Co.* v. *Woodman,* 64 Okl. 326, 168 Pac. 209, it is said:

"This defense [contributory negligence] under the Constitution is a question of fact for the jury, and the court should not invade the province of the jury by instructing them that a certain fact or circumstance, or a given set of facts or circumstances, do or do not constitute contributory negligence."

To the same effect are the following cases decided in that state: *Chicago, R. I. & P. R. Co.* v. *Baroni,* 32 Okl. 540, 122 Pac. 926; *Chicago, R. I. & P. R. Co.* v. *Hill,* 36 Okl. 540, 43 L. R. A. (N. S.) 622, 129 Pac. 13; *St. Louis etc. R. Co.* v. *Long,* 41 Okl. 177, Ann. Cas. 1915C, 432, 137 Pac. 1156; *St. Louis & S. F. R. Co.* v. *Hart,* 45 Okl. 659, 146 Pac. 436; *Thorp* v. *St. Louis & S. F. R. Co.* (Okl. Sup.), 175 Pac. 240; *Sweet* v. *Henderson* (Okl. Sup.), 178 Pac. 666; *Chicago, R. I. & P. R. Co.* v. *Zirkle,* 76 Okl. 298, 185 Pac. 329.

The instructions given in this case, though leaving to the jury the determination of the question of the causal relation of the act to the injury, precluded them from determining whether the failure of the deceased to obey the rule of the defendant was in fact negligent, as lacking in ordinary care.

We have no doubt that the court may properly tell the jury what constitutes in law the defense of contributory negligence. That defense has not been abolished by our Constitution, and the use of the term implies that the courts are bound to know and declare it for what it is, to recognize its sufficiency in law when pleaded and proof is offered to sustain the plea, and to delimit and define its boundaries from other permissible defenses and pleas. On the other hand, as is held in the cases cited (decided by this court), the finding of the jury on the question is conclusive, by which is meant that, whether the facts found or believed by the jury do or do not show that the act or omission charged was negligent, as, in truth, lacking in care, and whether, if so lacking, it contributed to or caused the injury is solely a question for the jury to decide.

We hold that the court may properly instruct the jury as to the existence and nature of the duty of every person to exercise ordinary care for his own safety, and that, bearing in mind that, even before the adoption of our constitutional provision, it was generally reversible error—and so is now—"for the court to state what facts constitute negligence, to assume controverted facts, to emphasize particular facts, and ignore others that are essential, and, generally, to charge on the weight of the evidence" (Shearman & Redfield on Negligence, 6th ed., § 56b), the court may and should instruct the jury that, if they find that the acts or omissions sufficiently pleaded as contributory negligence are proved, and that they are lacking in

the ordinary care which the plaintiff by law is required to exercise for his own safety, and proximately caused, or contributed to, his injury, the plaintiff should not recover, and that the finding of the jury on the question so submitted is conclusive.

We think that our constitutional provision was violated by the instructions given, in that the court thereby told the jury that the failure of the deceased to follow the rule of the defendant employer not to walk behind the beam did, as a matter of law, constitute negligence, which, if it resulted in the injury, would bar recovery. The issue so foreclosed was one that may have been determinative of the cause on its submission to the jury, and we cannot say that the instructions did not bring about the adverse verdict. The error was therefore substantial, and requires the reversal of the judgment.

These conclusions render it unnecessary for us to determine the remaining questions made. We think that, so far as there may be any substantial merit in such questions, the error will be avoided on a new trial.

For these reasons the judgment is reversed and the cause remanded, with instructions to grant a new trial.

ROSS, C. J., and McALISTER, J., concur.