[Civil No. 2839.  Filed July 19, 1930.]

[290 Pac. 152.]

SOUTHERN PACIFIC COMPANY, a Corporation, and W. C. ALLEN, Appellants, v. A. SHULTS, Appellee.

Mr. Francis M. Hartman, for Appellants.

Mr. William H. Westover and Mr. William Forman, for Appellee.

LAMSON, Superior Judge.—This is a railroad crossing case. The suit was instituted in the superior court of Yuma county, Arizona, by plaintiff, A. Shults, against the Southern Pacific Company, a corporation, and W. C. Allen, to recover damages for personal injuries in the sum of $15,000, hospital and medical services $500, and damages to automobile $350, growing out of a crossing accident between an automobile owned and driven by plaintiff and a west-bound passenger train of defendant, Southern Pacific Company. Defendant W. C. Allen was the engineer on said train, and the accident is alleged to have occurred near Wellton, Yuma county, Arizona, on April 16, 1928. In this opinion we will refer to the parties as they appear in the court below; that is, the appellants as defendants, the appellee as plaintiff.

Plaintiff in his complaint alleged that the crossing was dangerous; that there was no flagman at the crossing; the failure to blow the whistle or ring bell. Plaintiff further alleged that he, knowing the crossing to be dangerous, approached the same with great caution, stopping and listening for the whistle or bell, and, hearing neither, attempted to cross the track.

Plaintiff did not allege that he looked to see whether any train was approaching before attempting to cross the track. Plaintiff also alleged that the proximate cause of the accident was the alleged failure to blow the whistle or ring the bell.

Each of the defendants filed separate answers containing general denials and the further pleas that the accident was caused solely, directly, immediately and proximately by the negligence and carelessness of plaintiff himself, and not by reason of any fault or negligence on the part of either of the defendants. The case was tried before the court and a jury, and, at the close of all of the evidence, the defendants filed separate motions for directed verdicts in their favor, which motions were denied by the court. The jury returned separate verdicts in favor of each of the defendants and against the plaintiff, and judgment was rendered in favor of the defendants on the verdicts.

Motion for new trial was duly made and granted by the court. This motion was made on various grounds, but did not include the ground that the verdict was not justified by the evidence. While the order of the lower court granting motion for a new trial does not disclose the reason or grounds on which it was granted, it is apparent from the record before us and from the briefs of counsel in the court below and in this court that the only question involved was that the court erred in giving the following instruction requested by defendants:

"However, you are instructed that the track of a railroad company is of itself a proclamation of danger to a traveler, and the engines and trains operating upon the railroad have the right of way over crossings as against travelers upon the highway. A traveler, therefore, must not only use his eyes and ears, look and listen in both directions, but must when about to cross the track, look and listen, and stop, if necessary, to see or hear, so as to make these acts

reasonably effective. That is, it is the duty of such traveler upon the highway when approaching a railroad crossing to look and listen for an approaching engine and train thereon and thereover—he must look where by looking he could see, and listen where by listening he could hear. If such looking or listening does or would warn him of the near approach of the engine and train being so operated upon the track of the railroad company, then it is his duty to keep off the track until the same has passed, and to go upon the track without looking or listening, or stopping, if necessary, to hear, is negligence, and if you believe from a preponderance of the evidence in this case that plaintiff was guilty of such negligence, your verdict must be for the defendant.''

Appellant makes two assignments of error. (1) That the court erred in denying defendants' motions for directed verdicts at the close of all of the evidence; and (2) that the court erred in granting plaintiff's motion for a new trial.

We will take up assignment No. 2 first, because we think the question raised in that assignment decisive of the appeal.

Counsel for appellee insists that this instruction is not a correct statement of the law as it exists in Arizona, and relies chiefly on the case of *Davis* v. *Boggs,* 22 Ariz. 497, 199 Pac. 116, 122. In the opinion in that case this court said:

''We do not think that is can be affirmed as a matter of law that there is an absolute duty upon the driver of an automobile to stop, look, and listen in all cases before he attempts to cross a railroad track.''

This is a very broad statement of the law applicable to all cases. We think it the duty of the court, upon proper request being made therefor, to instruct the jury as a matter of law as to the duty of one who is about to drive an automobile over a railroad track at an unguarded crossing, and as to what con-

stitutes due care on the part of the driver, under all of the circumstances shown in the evidence in the particular case. Here the evidence shows that plaintiff was very familiar with the crossing, having crossed the same several times a day for a period of a year or more; that he knew it was dangerous; that he was in good health and in possession of all of his faculties; that the accident happened in broad daylight; that he relied upon not hearing the train or any signal, and took no further precautions for his own safety. We think the instruction complained of fairly states the duty of one approaching an unguarded crossing known to him to be dangerous under all of the circumstances shown in the evidence, and that it does not impose too great a burden upon the plaintiff, but only requires what an ordinarily prudent person would do under the same or similar circumstances.

In a recent case, *Southern Pacific Co. et al.* v. *Fisher,* 35 Ariz. 87, 274 Pac. 779, 783, this court quoted with approval from an Oregon case as follows:

"In *Robison* v. *Oregon-Washington R. & Nav. Co.,* 90 Or. 490, 176 Pac. 594, a railroad crossing case, the court makes the following very sensible, correct, and just observation on the duty of a traveler when approaching a railroad crossing:

" 'If from a place of safety on his way, the traveler in control of the vehicle in which he is riding can obtain a view of the coming train, he must look upon the course of the train from that point, and this responsibility is constant until the danger is past; that is, until he is safely across the railway track. The duty is constant because the danger is incessant. Instead of being intermittent it grows as the traveler gets near the crossing and reaches its climax only as he actually crosses the track in his passage. This obligation he owes not only to himself, but also to those on the train, whether passengers or the laborers employed in its operation. He must not allow his

selfish little convenience to override this duty so well grounded in common sense.

" 'All the precedents make it incumbent upon the traveler both to look and listen. Neither of them can be eliminated, without its use is practically impossible. The law does not excuse him from exercising both of them, unless there is no reasonable opportunity for that purpose. There is quite as much reason for his stopping so he can see as for stopping so he can hear, if there be any zone of safety from which he can see, and there are obstructions which prevent him from seeing a moving train without halting in that zone.'

"Fisher acted like a deaf and blind man. No doubt he could have seen had he looked, and no doubt he could have stopped his automobile within the distance he was from the track when the train came within his vision, had he been paying attention to his safety. It is evident he neither looked nor listened, although he knew the crossing and that it was a dangerous place."

We think this view of the law is supported by the great weight of authority in both the federal and state courts. For other recent cases see *Koster* v. *Southern Pacific Co.,* 207 Cal. 753, 279 Pac. 788; *Baltimore & Ohio R. R. Co.* v. *Goodman,* 275 U. S. 66, 56 A. L. R. 645, 72 L. Ed. 167, 48 Sup. Ct. Rep. 24; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Spencer et al.,* (C. C. A.) 20 Fed. (2d) 714.

Counsel for appellee further earnestly maintains that the latter part of the instruction objected to is erroneous, for the reason that it told the jury that, if the plaintiff were guilty of negligence as defined in the instruction, he could not recover, even if defendants were guilty of all the acts of negligence alleged in the complaint. We think this portion of the instruction, standing alone, is erroneous, and does not correctly state the law. However, the instructions must be considered as a whole. This court said in

*Arizona Eastern R. R. Co.* v. *Cox,* 27 Ariz. 469, 233 Pac. 1102, 1103:

"As we have often said before, instructions must be considered as a whole, and it is assumed that the jurors possess at least ordinary intelligence, and that they will so consider them."

The court, at the request of the plaintiff, gave the following instructions:

"6. You are instructed, Gentlemen of the jury, that the law presumes that the plaintiff in this case did exercise due care in approaching the crossing where he was injured, and such presumption will continue until the defendants, by a preponderance of the evidence have made the contrary to appear."

"7. You are instructed that the plaintiff in approaching the crossing where he was injured was only required to exercise ordinary care. In determining what is ordinary care, there is no absolute test, but it may be considered to be that degree of care which an ordinary reasonable man would exercise under like circumstances in view of all the facts."

"8. You are instructed, that even if you find it to be true that the plaintiff did not stop, look and listen before going upon the railroad crossing, such omission did not in itself make him guilty of contributory negligence as a matter of law. The test is whether under the circumstances disclosed, he exercised ordinary care for his own safety."

"10. If you believe that the defendants in this case were guilty of negligence and that such negligence was the proximate cause of plaintiff's injury, I charge you that the plaintiff is entitled to your verdict, unless you believe that the injuries to the plaintiff were caused by his sole negligence."

"12. You are instructed that the defendant in this case does not rely at all upon what is known as the plea of contributory negligence on the part of the plaintiff. It is not claimed that plaintiff's own negligence in any way contributed to any injury he may have sustained. The defendants on the other hand plead that they were guilty of no negligence whatso-

ever. It is therefore your duty to determine this case without any reference or consideration whatever to any contributory negligence, if such, on the part of the plaintiff. In such connection, I instruct you, that if you believe that defendants' negligence as alleged in the complaint, brought about the injuries to plaintiff, no negligence whatever of the plaintiff unless it solely brought about and produced such injury, should prevent plaintiff's recovery. In other words, sometimes a plea of what is called contributory negligence is interposed, that is, the defendant says 'Yes, I was careless, but you were careless also.' In such cases, if injury was caused by the negligence of both parties, the law is that the plaintiff cannot recover; but in this case the defendants do not claim that plaintiff's negligence was partially the cause of the injury; the defendants claim they are in no manner negligent; and therefore if you believe that the defendants were negligent and that such negligence was one of the proximate causes of the injuries to the plaintiff, you cannot in this case consider whether or not plaintiff's own negligence was also one of the causes. If you find the defendants were negligent then they would be liable under the law in this case.''

It will be noted that the court gave the exact instructions approved in the Davis case, *supra*. The jury is told several times (see instructions 10 and 12 above), that, if they found the defendants to have been negligent, they would be liable, and plaintiff could recover, unless the negligence of the plaintiff was the sole cause of the injury. We think the instructions taken as a whole state the law correctly. The instructions did not take away from the jury its right to pass on the question of negligence on the part of either the plaintiff or defendants, or as to the proximate cause of the accident. The instructions, taken as a whole, fairly leave these questions to the jury.

It will be noted that the defendants did not plead contributory negligence, and carefully refrained from requesting any instructions on that subject.

However, the court, at the request of the plaintiff, did give the instructions quoted above.

The jury heard all of the evidence, and viewed the crossing in question, and thereafter rendered verdicts in favor of the defendants. They must have found in arriving at their verdicts that there was no negligence on the part of the defendants, and that the plaintiff was negligent, and that his negligence was the proximate cause of the accident. They could not have been misled by the instruction complained of.

The rule is that, when an order granting a motion for a new trial is general in its terms, it will be affirmed, if it could possibly have been granted on any of the grounds assigned. We have carefully examined the entire record, and find that there is no ground contained in the motion on which it should have been granted.

In the case of *Sharpensteen* v. *Sanguinetti*, 33 Ariz. 110, 262 Pac. 609, 611, this court said:

"It is of course the law that the granting of a new trial is largely in the discretion of the trial court, and that the reviewing court will not disturb the ruling except for an abuse of that discretion. What is meant by discretion in that connection is a legal discretion, one based upon reason and law. If the showing for a new trial is insufficient both in form and substance, as the one here appears to be, it may be said that there is no discretion to be exercised."

In view of the disposition we are making of this case, it is unnecessary to consider appellant's assignment of error No. 1.

For the reasons stated, we feel that it was error for the lower court to grant a new trial. The case should be remanded, with directions to the court below to overrule the motion for a new trial and reinstate the judgment heretofore entered, in favor of the defendants and against the plaintiff.

The judgment is therefore reversed, and the cause remanded, with directions that the motion be overruled and the judgment reinstated.

LOCKWOOD, C. J., and McALISTER, J., concur.

NOTE.—Judge LAMSON of the superior court of Yavapai county sat in the place of Judge ROSS, who on account of illness was unable to participate in the hearing.