286 P.2d 205

John C. ZANCANARO, a minor, by D. J. Sweeney, his guardian ad litem, Appellants,

v.

O. F. HOPPER, Virgil C. Stuart and Shell Oil Company, a Delaware corporation, Appellees.

No. 5785.

Supreme Court of Arizona.

July 12, 1955.

208

I. B. Padway, San Jose, Cal., Minne & Sorenson, Phoenix, by Richard Minne, Phoenix, Lewis, Roca, Scoville & Beauchamp, Phoenix, by John P. Frank, Phoenix, of counsel, for appellant.

Wilson, Compton & Wilson, by Orinn C. Compton, Flagstaff, for appellees, Hopper and Stuart.

Kramer, Morrison, Roche & Perry, by Allen K. Perry, Phoenix, for appellee, Shell Oil Co., a Delaware corporation.

PHELPS, Justice.

John C. Zancanaro, by his guardian ad litem, D. J. Sweeney, plaintiffs-appellants, appeal from a judgment for defendants O. F. Hopper, Virgil C. Stuart and Shell Oil Company, a Delaware corporation, defendants-appellees, in an action for personal injuries. To avoid confusion the parties hereto will be referred to herein by their surnames.

Zancanaro at the time the injury was sustained was 17 years of age. He was duly licensed to operate a motor vehicle in the state of Wisconsin and was on a vacation trip with his parents from Milwaukee to the Grand Canyon. Young Zancanaro had relieved his father at the wheel occasionally on the trip and had driven from Showlow to Holbrook, Arizona, where the accident occurred.

As Zancanaro came into view of the town of Holbrook at the top of the hill south of said town he reduced his speed to 25 mph in compliance with a road sign located in that area. As he approached the south end of the bridge across the Little Colorado River on the edge of Holbrook he further reduced his speed to 15 to 20 mph. A car came from Highway 260 onto Highway 77 over which Zancanaro was traveling, a few blocks south of the south end of the bridge and proceeded toward Holbrook ahead of him. When the Zancanaro car reached a point about 30 feet south of the south end of the bridge the car ahead of him was about halfway across the bridge. Hopper's truck was on the bridge at that time proceeding south and met the car ahead of Zancanaro a little north of the middle of the bridge.

The bridge is 400 feet long and 19 feet wide from curb to curb. There was a white line in the center of the road across the bridge. Although worn some in places more than in others, it was visible at all times while crossing the bridge. Zancanaro's car at its widest point was about six feet wide and the handles to the doors projected therefrom approximately two inches. The truck was approximately eight feet wide.

Immediately after the truck met the car ahead of Zancanaro it swerved to the right and then back across into the east lane of traffic on which Zancanaro was proceeding. It remained in the east lane of traffic thereafter until it met his car. However, the distance of both the front and rear wheels of the truck from the center line varied as the truck approached Zancanaro's car. The truck had dual wheels on the rear and they extended out further than the front wheels. The left front wheel of the truck was on the center line of the road part of the time but at the time of the accident it was about one foot over the center line on Zancanaro's lane. The rear wheels of the truck at that time were a foot and a half over the center line. Zancanaro's car was approximately one and one-half feet east of the center line at the time the accident occurred.

Zancanaro was driving with his left elbow resting upon the window sill of the

door with his right hand near the top of the steering wheel and his left hand on the left side thereof. His elbow extended beyond the window three or four inches. As the truck was passing the car a square tubular piece of steel forming a part of the left front corner of the frame struck Zancanaro's left arm, badly injuring it, requiring an immediate amputation. This operation was performed a short time later in a hospital at Holbrook. It is for this injury that plaintiffs prosecuted this cause of action.

Defendant Stuart both denied and admitted that he was over the center line of the road at the time of the accident and also testified that he did not know whether he was over the line or not. He did not know whether there was a white line in the center of the road on the bridge. He stated the accident took place about 10 feet from the south end of the bridge. Zancanaro testified it occurred about 100 feet from the south end of the bridge.

■■■ The judgment herein from which this appeal was prosecuted was entered upon an instructed verdict by the court for all of the defendants at the close of plaintiffs' case. The conflicting evidence, therefore, must be considered in the light most favorable to plaintiffs. Gallaway v. Smith, 70 Ariz. 364, 220 P.2d 857; Walter v. Southern Arizona School for Boys, 77 Ariz. 141, 267 P.2d 1076. Where the evidence of the party against whom a verdict is directed is undisputed it must be considered as true.

Barker v. General Petroleum Corp., 72 Ariz. 238, 233 P.2d 449.

Plaintiffs, as grounds for appeal, charged first that it was error for the trial court to take the question of contributory negligence away from the jury for the reason that article 18, section 5, of the Arizona Constitution provides that the defense of contributory negligence shall in all cases whatsoever, be a question of fact and shall at all times be left to the jury. Secondly, they charged that the court erred in holding that the defendant Hopper was not an agent of the Shell Oil Company and that there was sufficient evidence thereof for the case to go to the jury on both issues.

■■■ We will first dispose of the question involved in the direction of an instructed verdict by the court in favor of the Shell Oil Company. In doing so, we believe it will not be necessary to consider the question of whether the contract between the Shell Oil Company and Hopper created the relation of principal and agent.

The truck in question is the property of Hopper and under the terms of the contract with Shell Oil Company it assumed no obligation to maintain or repair said truck. At the time of Zancanaro's injury the truck was being driven to Fischer's garage for repairs. Stuart had driven it that day to Clay Mines about 60 miles east of Holbrook which he had served with Shell products.

On the return trip, soon after leaving Clay Mines the motor began to miss badly so that it required about three hours to make the return trip to Holbrook which was ordinarily made in one and a half hours. Stuart testified that he stopped at Hopper's home to tell him the motor was missing and asked where he should take it to have it repaired and was directed by Hopper to take it to Fischer's garage which is located two or three blocks south of the Little Colorado River bridge on Highways 77 and 260. The Shell Oil Company's plant from which distribution was made is located on the north side of the bridge on the A. T. & S. F. Railway property in Holbrook.

It follows that even if the contract above mentioned created the relation of principal and agent between the Shell Oil Company and Hopper as claimed by plaintiffs, which we do not here decide, it is clear that the business of the Shell Oil Company was concluded for the day when Stuart drove the truck to the home of Hopper and reported the motor out of order and was directed by him to take it to Fischer's garage for repair. In making that trip he was solely in the employ of Hopper, as much so as if he had been enroute to get a doctor for him or to perform any other personal service for him. Therefore the court correctly instructed a verdict for defendant Shell Oil Company.

The remaining question is: Did the court err in instructing a verdict for Hopper and Stuart? We think it did.

The court apparently was convinced by argument of able counsel that it was gross negligence for Zancanaro to drive an automobile upon a public highway under the circumstances of this case, with his elbow resting upon the window sill in the manner testified to by him, and that his negligence therefore was the sole proximate cause of the injury he sustained and that the question of contributory negligence did not exist at all. We know of no distinction under the provisions of the constitution relating to contributory negligence between gross and ordinary negligence. It is under the provisions thereof as much a question of fact for the jury when the negligence is gross as it is when it is the result of ordinary negligence. Davis v. Boggs, 22 Ariz. 497, 199 P. 116.

We cannot agree with counsel that Zancanaro by resting his elbow on the window sill of his car was guilty of gross negligence even under the circumstances of this case.

Calculating the speed of the two motor vehicles at the minimum of 15 mph as testified to by the respective drivers, they were approaching each other at the rate of 44 feet per second. If we calculate it at the maximum speed to which they testified, they were approaching each other at the rate of 58⅔ feet per second. After the truck met and passed the car ahead of Zancanaro it was estimated by him that the vehicles were then approximately 200 feet

distant from each other. This distance at the minimum estimated rate of speed would be covered in less than five seconds and at the maximum would be covered in a little over three seconds.

The truck had safely met the first car. After passing it Zancanaro testified that the truck swerved to the right and then to the left over into his lane of traffic. We believe he had the right, even then, to assume that the driver of the truck would observe the law of the road and would again pull to the right lane of the highway before they met. Zancanaro was then one foot east of the center line of the road. Before meeting the truck, however, he pulled his car over another six inches to the right of the center of the road making a total of one and one-half feet east of the center line of the highway at the time the accident occurred.

▮▮▮ Defendant Stuart was guilty of negligence per se at the time the accident occurred in that he was violating the law of the state in operating his truck east of the center line of the highway as he arrived at the meeting point with Zancanaro. The fact that, if he had been west of the center line of the road at the meeting point with Zancanaro the injury to Zancanaro would not have occurred is just as inescapable as the fact, as argued by counsel for defendants, that if Zancanaro had kept his elbow inside the car the injury would not have occurred. Therefore defendant Stuart's negligence either contributed to Zanca-

naro's injury or was the sole cause thereof. The degree of Zancanaro's negligence, if any, doesn't have the effect of divesting it of the characteristics of contributory negligence and vesting it with the elements essential to establish sole negligence. It is only when it can be said that the defendant is not guilty of any negligence which was a proximate cause of the injury that it can be said that the plaintiff's negligence is the sole cause of his injury. Campbell v. English, 56 Ariz. 549, 110 P.2d 219, 221; Davis v. Boggs, supra. In Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 109, 166 P.2d 816, 820, the court quoted with approval the following language from Campbell v. English, supra:

" 'We have passed upon the meaning and effect of this constitutional provision in innumerable cases and have held, in effect, that when the issue is one of contributory negligence, that is to say, when there is evidence from which a jury could find, under the rules above set forth, that the defendant was guilty of negligence, and one of the defenses is that plaintiff also was guilty of negligence, the constitution takes away from either the trial or appellate court the right to determine, whether, as a matter of either *law or fact,* the evidence shows such contributory negligence to exist, and leaves the question *both of law and fact* on that particular issue to the decision of the jury. (Citing cases.) If the record in

this case had been such as to permit the trial court to hold that there was no evidence whatever which would sustain a verdict that the defendant was guilty of any negligence which was a proximate cause of the accident, then it would have been justified in instructing a verdict in favor of defendant. But when, as in the present case, there is undoubtedly evidence from which a jury might properly infer that defendant was guilty of such negligence, then the question of whether plaintiff also was guilty of negligence becomes one, not of sole negligence of plaintiff, but of his contributory negligence, and that question must be left to the jury.' " (Emphasis supplied.)

All of the cases cited by defendants, except one, involving facts similar to those in the instant case held that the question of negligence under such circumstances was a matter for the jury. In the one case where the court held that it was gross negligence there was evidence of intoxication and that the driver had his entire arm swinging out beside the car. It is unnecessary, however, to analyze these cases as our own court has definitely solved the problem presented here.

█ The question of negligence should always be left to the jury except in a case where the undisputed evidence is that the driver of a car is at the time guilty of negligence per se, i. e., violating a statutory duty or committing an act so opposed to the dictates of common prudence that it can be said that no careful, prudent person would have committed such act. In other words, if it appears from the evidence that reasonable men might arrive at different conclusions as to whether the act complained of constituted negligence, the question is one of fact for the jury. Campbell v. English, supra; Arps v. City and County of Denver, 82 Colo. 189, 257 P. 1094; Lamb v. Missouri Pac. Ry. Co., 147 Mo. 171, 48 S.W. 659, 51 S.W. 81; Baker v. Westmoreland & C. Nat. Gas Co., 157 Pa. 593, 27 A. 789, 791; Tacoma Ry. & Power Co. v. Hays, 9 Cir., 110 F. 496, 499; Pennsylvania R. Co. v. Miller, 3 Cir., 99 F. 529, 531; Varela v. Reid, 23 Ariz. 414, 204 P. 1017.

Varela v. Reid, supra, written by the late Justice Flannigan, discusses in a most thorough manner the limitation of a trial court in instructing the jury on contributory negligence under the provisions of our constitution. This case is still the law of Arizona and measured by the standard there set, as well as enunciated in the other Arizona cases above cited, the court clearly erred in instructing a verdict for the defendants Hopper and Stuart.

Judgment affirmed as to the Shell Oil Company, and reversed as to Hopper and Stuart and remanded for a new trial.

UDALL, WINDES, STRUCKMEYER and LA PRADE, JJ., concur.