305 P.2d 447

Hattie WOLFSWINKEL, as Administratrix
of the Estate of Clarence Wolfswinkel, De-
ceased, and Clifford L. Wolfswinkel, Ap-
pellants,

v.

SOUTHERN PACIFIC COMPANY, a corpo-
ration, Lewis V. Trosper and George
Klenner, Appellees.

No. 6114.

Supreme Court of Arizona.

Dec. 29, 1956.

Laney & Laney and Roger W. Perry, Phoenix, for appellants.

Evans, Hull, Kitchel & Jenckes and Ralph J. Lester, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal from a judgment following a jury verdict in favor of the defendants, Southern Pacific Company, Inc., and Lewis V. Trosper and George Klenner, employees of the Southern Pacific Company, Inc., and from an order of the trial court denying plaintiffs' motion for new trial.

The plaintiff, Hattie Wolfswinkel, as administratrix of the estate of Clarence

Wolfswinkel, deceased, brought this action against the above named defendants for damages for the alleged negligent killing, in a railroad crossing accident, of the decedent who was her husband. The plaintiff, Clifford L. Wolfswinkel, a son of the decedent, joined his cause of action in the same complaint, by which he sought to recover damages for injuries to his automobile which was driven by Clarence Wolfswinkel at the time of the fatal collision.

The collision occurred about 9:30 in the evening of May 10, 1953, at the place where Alma School Road crosses the Southern Pacific railroad tracks just outside the west city limits of the City of Mesa. The decedent was driving the automobile southward on Alma School Road toward the intersection, and the defendants' train consisting of an engine, two cars and a caboose, was proceeding westward toward the intersection where it struck the automobile on its left side, causing the death of Clarence Wolfswinkel, and substantial damage to the automobile.

The plaintiffs' complaint alleged general negligence, careless and wanton conduct in the operation of the defendants' train and specific negligence in that: (1) the defendants knowingly maintained an extra-hazardous crossing and failed to maintain safety devices; (2) failed to cause a bell to ring or whistle to blow until such warning was too late; (3) operated the train at a greater rate of speed than was reasonable under the circumstances; (4) failed to use an efficient headlight; and (5) failed to keep a proper lookout and control of the locomotive.

The answers of the defendants denied any negligence on their part and pleaded that the collision was caused by the sole or contributory negligence of the decedent.

The trial jury answered special interrogatories to the effect that: (a) the defendants were guilty of negligence which was a proximate cause of the collision; (b) the decedent was guilty of negligence which contributed to cause the collision; and found in favor of the defendants on a general verdict.

This appeal presents nine important assignments of error. We will discuss the questions that arise thereunder in the order stated in plaintiff's brief.

In their first two assignments of error the plaintiffs contend that the trial court erred in giving defendants' requested Instruction No. 9, as modified. The critical part of that instruction (which follows a lengthy generalization of the duties of the plaintiff) is as follows:

"* * * You are instructed that if you find from a preponderance of the evidence that Clarence Wolfswinkel failed to exercise proper vigilance or failed to yield the right-of-way to the approaching train and that such failure

306

contributed, however slightly, to the collision, then you must find Clarence Wolfswinkel to have been guilty of contributory negligence."

The plaintiffs urge, among other things, that this instruction is defective and constitutes reversible error because it usurps the functions of the jury by declaring that the decedent is guilty of contributory negligence if it found that he failed to exercise proper vigilance or failed to yield the right-of-way, in that it violated Article XVIII, Section 5, of the Arizona Constitution, which provides:

"The defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

▆ We agree with plaintiffs that the above quoted instruction is defective in that it directs the jury that it must find the decedent guilty of contributory negligence if it finds as a fact that there was a failure on the part of decedent to yield the right-of-way or to exercise proper vigilance which contributed to the collision. This is prohibited under the above provision of our Constitution. We have held in the following cases that under this provision the question of contributory negligence is a question of fact for the jury alone: Womack v. Preach, 63 Ariz. 390, 163 P.2d 280; Campbell v. English, 56 Ariz. 549, 110 P.2d 219; Herzberg v. White, 49 Ariz. 313, 66 P.2d

253; Dennis v. Stuckey, 37 Ariz. 299, 294 P. 276; Inspiration C. C. Co. v. Conwell, 21 Ariz. 480, 190 P. 88. It is reversible error for a trial court to instruct that certain facts, which contributed to an injury, constitute contributory negligence Varela v. Reid, 23 Ariz. 414, 204 P. 1017; which was approved in Zancanaro v Hopper, 79 Ariz. 207, 286 P.2d 205.

In the Varela case we stated, 23 Ariz. at page 422, 204 P. at page 1020:

"We think that our constitutional provision was violated by the instructions given, in that the court thereby told the jury that the failure of the deceased to follow the rule of the defendant employer not to walk behind the beam did, as a matter of law, constitute negligence, which, if it resulted in the injury, would bar recovery. The issue so foreclosed was one that may have been determinative of the cause on its submission to the jury, and we cannot say that the instructions did not bring about the adverse verdict. The error was therefore substantial, and requires the reversal of the judgment."

Defendants argue that this court has approved virtually the same instruction as No. 9 above in the earlier cases of Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319, and Southern Pac. Co. v. Shults, 37 Ariz. 142, 290 P. 152. A review of those cases indicates that this is

not correct. In the Humphrey case, supra, the jury was not instructed that certain facts constitute contributory negligence. The jury was merely instructed that in railroad crossing cases dangerous circumstances determine the degree of care and that "proper vigilance" is required before going on the railroad tracks. In the Shults case, supra, the defense of contributory negligence was not pleaded and no instructions on this problem were submitted. The defendant did plead that the accident and injury was caused solely by the negligence and carelessness of plaintiff and that defendant was not at fault at all. The instructions referred to by the defendant defines the circumstances which give rise to a duty on the part of the plaintiff, who is charged with being the sole cause of the accident and injury.

Defendants further argue that even if we hold that Instruction No. 9 was defective that we should hold that plaintiffs' requested Instruction No. 6, qualifies and corrects it. We have carefully examined Instruction No. 6 and have unanimously concluded that it does not and cannot correct or cure the error complained of in Instruction No. 9.

■ We therefore hold that Instruction No. 9 violates Article XVIII, Section 5, of the Arizona Constitution, in that the trial court improperly instructed the jury that if they found certain facts to exist the plaintiff was guilty of contributory negli-gence. This incorrect statement of the law constitutes reversible error.

Since a new trial will be necessary we will review the record for clarification of the other questions that presumably will arise.

In assignment of error No. 3 plaintiffs contend that the trial court erred in giving defendants' requested Instruction No. 5, as follows:

"You are instructed that the statutes, and regulations of the State of Arizona did not require that defendant Southern Pacific Company maintain a watchman or flagman or automatic signals or gates at this railroad crossing."

■ It is argued that the proof showed that this crossing was an extra-hazardous crossing, and that it was a question of fact for the jury to determine whether the railroad was negligent in not providing further warning. It is urged by plaintiff that the implication of this instruction is that the jury would assume that in the absence of a statutory requirement there was no legal duty to supply further warning at the crossing, and that the instruction influenced the jury in not finding negligence because of the lack of a statutory mandate requiring such precautions. It is our position that no such implication could arise where the court gave an instruction requested by plaintiff that:

" \* \* \* the requirements of the statutes, and the regulations or lack of regulations of the Corporation Commission for warnings at railroad crossings *merely prescribe the minimum of care.*" (Emphasis supplied.)

In assignment of error No. 4 plaintiffs contend that the trial court erred in giving defendants' requested Instruction No. 7 as modified:

"You are instructed that the defendant Southern Pacific Company is not responsible for conditions created by others and not on its right-of-way. However, you may take these conditions into your consideration in determining the question of the presence or absence of negligence in connection with the manner in which this particular train was operated."

■ Plaintiffs argue that the instruction is misleading in that there was no issue as to the responsibility for conditions surrounding the right-of-way, and that the real question is whether the defendants used that degree of care which reasonably prudent operators would have used under those conditions. This question was adversely determined against plaintiffs' contention in Southern Pacific Railroad Co. v. Mitchell, 80 Ariz. 50, at page 60, 292 P.2d 827.

In assignment of error No. 5 plaintiffs contend that the trial court erred in giving defendants' requested Instruction No. 14, as follows:

"You are instructed that negligence on the part of the defendants cannot be predicated upon the fact that the train was not operating on a regular schedule."

The basis of this assignment of error is that this is actually an instruction as to the weight of the evidence and such facts should have been left to the jury.

■ It is our view that this is not error. Practically no one, other than railroad employees or people living near a railroad, know anything at all about train schedules. We held in Humphrey v. Atchison, T. & S. F. Ry. Co., supra [50 Ariz. 167, 70 P.2d 323], that

"It can never be assumed that cars or trains are not approaching on a track, or that there is not danger therefrom."

In assignment of error No. 6 plaintiffs contend that the trial court erred in sustaining the defendants' objection to the proffered testimony of a railway safety inspector for the corporation commission, who was called as a witness for the plaintiffs. According to the offer of proof the facts are that I. P. McBride, railway safety inspector for the Corporation Commission, met with the assistant district division engineer of the Southern Pacific Railway Co.

the latter part of April, 1953, that the meeting was held pursuant to a conversation with Mr. Bays, Division Superintendent of the Railroad, in which he told McBride that he was to meet a Mr. Tardy, assistant district division engineer, who had been delegated to go with McBride on a railroad crossing inspection trip, and that they (McBride and Tardy) inspected the Alma School railroad crossing; that upon their inspection thereof Mr. Tardy stated that owing to the nature of the crossing it required either a wigwag signal or blinker lights and that he would report the need to his superior. The defendants contend that this is merely opinion and therefore inadmissible.

It is our view that an assistant district engineer, who was delegated to inspect the railroad crossing with the view of determining the degree of hazards, if any, existing at such crossings, is thoroughly competent to determine such fact and any statement made by him to the railway safety inspector for the Corporation Commission while they were inspecting said crossing for the purpose of determining what electric signals or other warnings, if any, would be required to make the Alma School crossing safe for the traveling public, was admissible in evidence, as an admission of the railroad company that it was a hazardous crossing, and for the purpose of showing the railroad company had knowledge of that fact.

It is clear from the avowal that the assistant district division engineer was delegated by the Division Superintendent to join McBride in the inspection of this crossing. The inference is that a construction or maintenance engineer was deemed qualified to determine the safety factors involved at such railroad crossing. Therefore, there cannot be the slightest doubt in the writer's mind that his statements were admissible as evidence of knowledge on the part of the railroad that the crossing was dangerous. Even if it were true that the railroad had knowledge of the dangerous condition of the crossing through its trainmen, as claimed by defendants, plaintiffs were not limited to making out a mere prima facie case by the claim of defendants that defendants were charged with such knowledge. Plaintiffs were entitled to show actual knowledge through the assistant district division engineer, whose function as an employee of defendants concerned the safety factors in its operations, and who was specifically delegated to perform this duty on the occasion here involved. Jensen v. Southern Pacific Company, 129 Cal.App.2d 67, 276 P.2d 703, 709; Tennessee Cent. Ry. Co. v. Dunn, 24 Tenn.App. 383, 145 S.W.2d 543. Furthermore, the claim that statements of the assistant district division engineer are mere opinion evidence, and therefore not admissible as an admission, is incorrect. It is stated by Wigmore on Evidence, 3rd Ed., Section 1053(3) that:

310

"The Opinion Rule (post, Sec. 1917) does not limit the use of a party's admissions. The reason for that rule does not apply to a party's admissions * * *".

See: Swain v. Oregon Motor Stages, 160 Or. 1, 82 P.2d 1084, 118 A.L.R. 1225.

In assignment of error No. 7 plaintiffs contend that the trial court erred in rejecting plaintiffs' exhibit "J", which, with the testimony of a Mrs. Merkeley, would have in substance indicated that a Mr. Frank, right-of-way man for the defendant railroad, visited the witness about a month before the collision and prepared a document in petition form. The document (Ex. J.) was in fact a request, directed to the County Board of Supervisors, to widen the paving at the Alma School crossing and cooperate with the railroad in the installation of certain safety devices. Plaintiffs argue that this document, combined with the offer of proof of the testimony of Mrs. Merkeley, indicated that the railroad had knowledge of the hazardous condition of the crossing.

We think this document was admissible at least for the purpose of showing knowledge of the railroad of the dangerous condition of the crossing. It was prepared by an employee of the railroad company and given to the witness, Mrs. Merkeley. While the record does not disclose that she was requested to procure signatures thereon for presentation to the Maricopa County Board of Supervisors, it is evident from the contents of the exhibit that it was given to her for that purpose. In Tennessee Cent. Ry. Co. v. Dunn, supra, the court held that a resolution of the City of Lebanon requesting the railroad company to place a signal light at the railroad crossing was admissible to show that the railroad company had notice that this was a dangerous crossing, and in Jensen v. Southern Pacific Company, supra [129 Cal.App.2d 67, 276 P. 2d 709], the application of the City of Burlingame to the Utilities Commission for an order requiring the Railway Company to install and maintain gates at a certain crossing in the city, were admissible as " * * * they tended to show that the defendant company had been put upon its inquiry concerning the potentially hazardous character of this particular crossing. * * *".

In assignment of error No. 8 plaintiffs contend that the trial court erred in tendering the following interrogatory to the jury:

"Was Clarence Wolfswinkel guilty of negligence which *contributed in any way* to cause the collision?" (Emphasis supplied.)

Plaintiffs argue that this does not mean that the jury must find that the injury was proximately caused by the contributory negligence of the decedent, and that before contributory negligence can be

a bar to recovery the jury must find that the negligence of the decedent was a proximate cause of his injury. It is our view that the words "contributed in any way" would be taken to mean essentially the same thing as "proximately caused", and that the plaintiffs' objection is not well taken. Valley Transp. System v. Reinartz, 67 Ariz. 380, 197 P.2d 269.

Assignment of error No. 9 is directed at the striking of a question and answer thereto propounded by plaintiffs' counsel to one of their witnesses, designed to show that the negative answer of the witness was probative in character by showing that the witness was attentive to the particular circumstance or event at the time. Such an inquiry is entirely proper but we believe that the response of the witness went further than was justified and was calculated to prejudice the jury. Therefore, the court properly struck it.

We conclude that the giving of Instruction No. 9 constituted reversible error as above indicated, and the judgment is therefore reversed, and the cause remanded with directions for a new trial consistent with this and the concurring opinions.

STRUCKMEYER, J., concurs.

LA PRADE, C. J., and WINDES and UDALL, JJ. (specially concurring).

We concur with the portion of the foregoing opinion (authored by Justice PHELPS) which holds that it was prejudicial error for the trial court to give defendants' instruction 9 on contributory negligence and that, hence, the judgment must be reversed and a new trial granted. We also agree with the treatment accorded the other assignments of error Save and Except assignments numbered six and seven, both of which involve adverse rulings on proffered testimony as to the need for safety devices at the crossing in question. For the reasons hereinafter set forth, it is our view that the trial court correctly ruled on these matters.

It will be recalled that both these assignments of error complain of the trial court's rejection of plaintiff's proffered testimony tending to show that on separate occasions—prior to the accident in question—two different members of the railroad company's personnel received actual knowledge of the hazardous character of the Alma School crossing and, in effect, expressed their opinions as to the need for an automatic signal device thereat.

We believe the proffered evidence, which purportedly represented the opinions of the two railroad company agents, was clearly inadmissible. It was certainly not part of the res gestae; it was incompetent and highly prejudicial, and tended to invade the province of the jury. Admissions against interest are admitted as exceptions to the hearsay rule and are, of

course, offered for the truth of their words. Generally, statements which are only opinions or conclusions of matters in issue are inadmissible except where expert testimony is required; no such testimony was necessary here to enlighten the jury with respect to the character of the crossing. In 75 C.J.S., Railroads, § 847, Character and Description of Crossing, this statement appears:

> "* * * Such circumstances may be shown by any witness familiar with the crossing, but such witness may state only the facts disclosing the location and surroundings and cannot give his opinion as to the dangerous character of the crossing."

■ Despite recitations to the contrary in some writings, a party's statement is generally rendered inadmissible as an admission if it is in the form of an opinion or conclusion. There is virtually no sound authority to the contrary; an exception is that instance where an admission is in the form of an opinion *with respect to fault and is given after and relates to the occurrence from which litigation arises*. See, 31 C.J.S., Evidence, § 272(b). It is obvious to us that, under the guise of showing knowledge, plaintiff—through the back door—was actually endeavoring to bring to the attention of the jury that in the opinion of the railroad company's agents the crossing was dangerous and should have been protected by safety devices (it should be noted that in the three cases cited by Justice Phelps on this matter—i. e., the Jensen, Dunn and Swain cases, supra—the matter of admissions against interest of defendant, or its agent, were in nowise involved).

■ The lower court properly permitted plaintiff to show that Mr. Tardy, assistant district division engineer, had personally inspected this crossing with Mr. McBride, the corporation commission's safety inspector; also the court was correct in admitting evidence that Mr. Frank (right of way man) had apparently been upon the ground shortly prior to the accident. This evidence established that the railroad, through its agents, had thus acquired full knowledge of the condition and character of the crossing. Furthermore, the record is replete with other testimony that the railroad, through its trainmen, had such knowledge. In fact the trial court expressly instructed the jury that "* * * as a matter of law a railroad company and its officers are under the duty to know, and are presumed to know, the nature and character of a crossing where its railroad crosses a public highway * * *". Moreover, at no time did defendants contend that they did not have actual knowledge of the character of this crossing.

■ It is our view that the lower court properly limited the evidence to that tending to show the physical presence of

the railroad's agents at the crossing which would establish actual knowledge of conditions. We hold that the purported *opinions* of agents of the company were properly excluded when offered as admissions against interest or for the purpose of showing defendants' actual knowledge of the condition and character of the crossing.