[Civil No. 1176.    Filed March 27, 1911.]

[115 Pac. 73.]

THE BANK OF ARIZONA, Defendant and Appellant, v.
THE THOMAS HAVERTY COMPANY, Plaintiff and
Appellee.

1. MECHANICS' LIENS—ASSIGNMENT OF LIEN—CONSTRUCTION OF CON-
TRACT.—Plaintiff, the holder of a mechanic's lien in the sum of
$14,306, to foreclose which a suit was pending, and defendant, the
holder of a mortgage on the property, entered into a contract pro-
viding that defendant would purchase "the plaintiff's said demand
and claim of lien," plaintiff to prosecute his suit to judgment and
assign the judgment obtained to defendant, for which defendant
would pay plaintiff $9,313.90, being the amount claimed by plain-
tiff less $4,922.10, the value of certain boilers and heating apparatus
used in the construction of the building, which boilers and heating

apparatus plaintiff should be at liberty to remove from the building if it could be done without injury. Plaintiff prosecuted the suit and recovered judgment in the sum of $12,429.22, and obtained a decree of foreclosure. *Held,* that a contention that the contract was conditional, in that it was not to be operative unless the boilers could be removed without injury to the building, and that the amount of the judgment showed that this condition had not been performed, could not be sustained, since the contract imported no agreement or guaranty that the judgment should be in any particular amount, and hence defendant was not excused from performance.

2. SAME—SAME—SAME.—Such agreement for the transfer of the mechanic's lien claim having been made at a time when the parties to the agreement were uncertain as to the right of priority between the lien claim and the mortgage, defendant was not excused from performance by the fact that the judgment foreclosing the lien decreed that it was inferior to the mortgage.

3. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT.—A verdict based on conflicting evidence will not be disturbed on appeal.

4. SAME—HARMLESS ERROR—IMPROPER ARGUMENT OF COUNSEL.—Where the authority of certain attorneys to represent defendant in respect to a contract was in issue, a statement by plaintiff's counsel in argument that such authority might perhaps have been proved by letters that passed between defendant and the attorney, and that plaintiff had tried to get these letters, but defendant's counsel had refused to produce them upon the ground that they were privileged communications between attorney and client, and the court so ruled, and that plaintiff was compelled to resort to other evidence, though perhaps improper, was not reversible error.

5. TRIAL — IMPROPER ARGUMENT — INSTRUCTIONS BY COURT. — Where plaintiffs demanded the production of letters written by defendant to their attorneys, in order to prove the agency of the attorneys in respect to the contract involved in the action, and defendant's counsel refused to produce the letters on the ground that they were privileged communications, and such refusal was sustained by the court, a statement by plaintiff's counsel in argument that such letters would perhaps have proved such agency, and that defendant's counsel had refused to produce them on the ground that they were privileged, and that the court so held, and that plaintiff was compelled to resort to other evidence, though improper, was not prejudicial, where the court instructed that no inference could be drawn by the jury from the exclusion of the letters that they contained any evidence that would tend to establish agency.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for Maricopa County. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

Robert E. Morrison and Kibbey, Bennett & Bennett, for Appellant.

Alexander & Christy and Alfred Franklin, for Appellee.

DOAN, J.—On March 18, 1910, the appellee, as plaintiff, brought suit against the appellant in the district court of Maricopa county, and alleged in its complaint that in February, 1908, plaintiff had a claim against one John Noble in the sum of $14,306 for materials and labor furnished in the construction of the Noble Building in Phoenix, Arizona, which claim was secured by a lien theretofore perfected on the building and the lots on which the same was situated, and by suit instituted on such claim in March, 1908, in the district court of Maricopa county; that at the time of the institution of said action Hugo Richards held a mortgage upon the said premises; that the loan secured by said mortgage was made by the Bank of Arizona, the appellant herein, and that the note and mortgage were taken in the name of Hugo Richards for the use and benefit of the said bank, as the real party in interest; that while the said action was pending, about the thirtieth day of November, 1908, the defendant bank offered to purchase "the plaintiff's said demand, and claim for lien therefor, and promised that if the plaintiff would agree to sell to the said defendant its said demand and claim for lien, and would promise and agree to prosecute its said suit thereon to judgment, and would promise and agree to thereafter assign the same to the said defendant, that it, the said defendant, would buy the plaintiff's said demand and claim of lien of the said plaintiff, and would pay to the plaintiff therefor the sum of $9,313.90 at the time of the assignment of said judgment to the defendant; the said sum of $9,313.90 being then the amount claimed by said plaintiff as a lien upon the said Noble Building, less the sum of $4,992.10, the said sum of $4,992.10 being the value of two certain boilers and a certain heating apparatus and certain tools furnished and delivered by the plaintiff and used in and toward the erection, construction, and completion of the said Noble Building, and for which the plaintiff claimed a lien upon said building and the lots of land upon which the same is situated, and which said boilers, heating apparatus, and tools the plaintiff should be at liberty

to remove from the said Noble Building, if the same could be done without injury thereto; that thereupon the plaintiff then and there did promise and agree with the defendant to sell to the said defendant its said demand against the said John Noble and its said claim for lien upon said premises, and did promise and agree to prosecute the said action, and agree to assign said judgment recovered therein to this defendant.'' The complaint then alleges prosecution of said action by the plaintiff, recovery of judgment therein in the sum of $12,429.22, together with a foreclosure of the lien, the offer of plaintiff to assign the said judgment to the defendant, the refusal of the defendant to accept same or pay therefor, and the tender of such assignment in court. Defendant demurred generally to the complaint, entered a general denial, and alleged failure to perform by reason of the amount of the judgment being $12,429.22, and the fact that the lien established by the judgment was decreed to be subject to the defendant's mortgage as a prior lien. The case was tried to a jury, which returned a verdict in favor of the plaintiff for $9,313.90, in accordance with which verdict the court rendered judgment for that amount against the defendant in favor of the plaintiff. From this judgment and the denial of a motion for a new trial, the defendant has appealed.

It is assigned as error:

First. ''That the court overruled the appellant's demurrer to the complaint because upon the facts stated in the complaint the alleged contract by which it was claimed the appellant agreed to purchase the judgment thereafter to be obtained by the appellee (the Haverty Company) was wholly without consideration, that the consideration therefor had wholly failed, and that appellee had not performed his part of the alleged agreement.'' The argument in support of this assignment is made entirely upon the ground of failure of consideration. It is conceded that the mutual promises were each the consideration for the other, but it is claimed that there was a failure of consideration by reason of the judgment recovered in the case being $12,429.22. Appellant urges in support of this assignment the argument that the contract alleged in the complaint was a conditional one, that, if certain boilers could be removed from the building, the claim was to be reduced to $9,313.90, and if so reduced the judgment secured

on said claim should be assigned to the bank. The extract from the complaint, *supra,* alleges that the offer on the part of the defendant was to pay $9,313.90 for the $14,306 ''demanded and claim of lien therefor,'' and that, if the boilers, heating apparatus, and tools which represented the other $4,992.10 could be removed from the building without injury thereto, the plaintiff was at liberty to remove them; the inference being that, unless such removal could be made without injury to the building, they would remain therein. The argument in support of the failure of consideration is refuted by the language of the allegation in the complaint that if the plaintiff should ''prosecute its said suit thereon to judgment and would promise and agree thereafter to assign the same to the said defendant,'' there being no agreement or guaranty as to the exact amount of the judgment, other than that it should be the judgment recovered in that case.

Second.    (a) ''That the evidence showed that the appellee had not performed its part of the alleged agreement in that it obtained a judgment for $12,429.22, instead of $9,313.90, as the alleged agreement provides, and that the judgment recovered by the Haverty company (appellee) established the lien thereof as inferior and subordinate to that of Hugo Richards, the representative of the bank (appellant), instead of, as it was claimed by appellant to be, superior to that of Richards (the bank).'' Again, the appellant ignores the plain language of the alleged agreement, and bases its assignment upon a provision that is not included in its terms, and cannot be inferred therefrom. The alleged agreement (above cited) does not provide for a judgment for $9,313.90, or any other definite sum. Neither does it provide that the lien thereof should be decreed to be superior to that of Richards. The deal seems to have been made because of the uncertainty as to the priority of the lien. It was contended by counsel for the bank that the lien was inferior to that of Richards, and by counsel for the Haverty company that it was superior thereto. Neither party appeared to be confident of the correctness of his position. This uncertainty resulted in the compromise by which the Haverty company would receive a sum less than its full claim, and the chance of being able to remove and retain the material representing part of the balance, and the bank would avoid the danger of having to

pay more than the cost of that part of the materials furnished that it could use to advantage under the modified plans for completion of the building they were then acquiring under foreclosure proceedings. If the counsel for the bank had felt certain that the lien of the claim was superior to the mortgage lien, they would probably have been willing to pay the face value of the claim. If counsel for the Haverty Company had felt certain of the priority of the lien over that of the mortgage, they would not have sold it nor agreed to sell it for less than the full face thereof, $14,306. (b) "That the verdict of the jury is not supported by the evidence, in this: that the evidence fails to show the agency of Armstrong & Lewis, or either of them, to enter into an agreement to purchase the Haverty claim." This issue was presented by the court to the jury as a question of fact, and they were fully instructed by the court that, unless the agency of Armstrong & Lewis or the ratification by the defendant bank of this deal by them with the Haverty company was established to their satisfaction by the preponderance of the evidence, they should find for the defendant. The verdict of the jury on this issue based upon the conflicting evidence in the case will not be disturbed by this court. (c) "That the evidence was not sufficient to prove that the alleged agreement had in fact been entered into because some of its terms had not been assented to." Here again the jury have differed with the appellant as to the sufficiency of the evidence, after having heard it from the witnesses and having been fully instructed relative thereto by the court.

Third. "That the court erred in overruling appellant's motion for a new trial because of the improper comments by counsel for the appellee in his argument to the jury, in the statement that 'the facts that Armstrong & Lewis, attorneys for the defendant, had authority to enter into this agreement (meaning the agreement set up in the complaint) from their client (meaning the defendant herein) might perhaps be proved by letters that may have passed between them. We (meaning the plaintiff) tried to get these letters, but they (meaning the counsel for defendant) refused to produce them upon the ground that they were privileged because they were communications between attorney and client, and the court so

ruled.    We therefore have to resort to other evidence, as to the conduct of the parties,' etc.''

The language of counsel, while the propriety of it might be questioned, does not, we think, constitute reversible error. It might be entitled to be considered as an explanation by counsel to the jury of their failure to establish agency by the best evidence.    The appointment of an agent or the direct statement of the principal authorizing the agent to act as such constitutes the best evidence, and ordinarily, if obtainable, can be introduced in evidence to show agency.    In this case, Armstrong & Lewis, who are claimed to have been the agents of the bank, were the attorneys of the bank in the litigation relative to the entire subject matter here in issue.    The trial court had excluded certain letters which counsel for appellee contended contained authority to Armstrong & Lewis to act as the bank's agents, and counsel evidently was undertaking to explain to the jury why he had to rely upon circumstantial rather than direct evidence of agency.    The instructions of the court on this subject were very clear and explicit to the effect that no inference could be drawn by the jury from the exclusion of the letters that they contained any evidence that would tend to establish agency, but that their exclusion was simply upon the theory that they contained privileged communications between client and counsel which rendered them inadmissible.

Fourth.    ''That the court erred in overruling appellant's motion for a new trial upon the  ground that the court had denied appellant's motion that the court direct the jury to return a verdict for appellant upon the conclusion of the evidence offered by appellee.''

Fifth.    ''That the court erred in denying appellant's motion upon the conclusion of the introduction of all the evidence in the case to direct the jury to return a verdict for the appellant.''·

These two assignments may be considered together, and are untenable, as the record discloses sufficient evidence to warrant the submission of the case to the jury to determine the facts, and likewise sufficient evidence to support the verdict of the jury for the plaintiff in the amount claimed.    It is not necessary to cite the evidence, or even extracts from it, but it will suffice to say that the testimony of Christy is sufficient to

establish the transaction claimed with Armstrong & Lewis, and his testimony, with that of other witnesses, established facts tending to show the agency of Armstrong & Lewis and the recognition of such agency by the bank.

Sixth. ''That the court erred in admitting in evidence the declarations of Thomas Armstrong and E. W. Lewis as to their agency for the appellant to make the agreement sued on.''

The declarations in question occurred in the course of negotiations between the parties and were not admitted to prove agency, but for the purpose of showing the contract between the parties, if Armstrong and Lewis had authority to make it on behalf of the appellant.

No error appearing in the record, the judgment of the lower court is affirmed.

CAMPBELL and DOE, JJ., concur. LEWIS, J., being disqualified, took no part in the consideration of this case.