325 P.2d 412

Augustine C. ROMERO and Esquipula Romero, husband and wife, Appellants,

v.

Gilbert C. COOPER and Blonda Cooper, husband and wife, Appellees.

No. 6346.

Supreme Court of Arizona.

May 7, 1958.

---

Lee H. Brown, Tucson, for appellants.
Conner & Jones, and James M. Murphy, Tucson, for appellees.

JOHNSON, Justice.

Plaintiff-appellant, Augustine C. Romero, filed an action against the defendant-appellee, Gilbert C. Cooper, to recover property damages to his automobile. The case was tried before a jury who returned a verdict in favor of the defendant, and after a motion for a new trial was denied this appeal followed. The parties will be referred to herein as plaintiff and defendant.

Plaintiff, on the 18th day of Novembe 1955, at about 5:30 p. m., was operating his 1947 DeSoto automobile in a southerly direction on Arizona State Route 83, between Mountain View and Sonoita, Arizona, at which time he collided with the truck and trailer operated by the defendant and travelling in the opposite direction. State Route 83, at the point of collision, is a narrow gravelled highway in mountainous terrain. The plaintiff testified that the trailer of defendant's truck crossed over to plaintiff's side of the road and at the time of the impact plaintiff's car was in its own right-hand lane of traffic, about two feet from the middle of the highway. The defendant testified that the impact took place on the defendant's side of the roadway about a foot or two across the center. The investigating officer could not testify as to the point of impact because the usual evidence found after a collision was not present on the gravelled road, the cars had been moved, many other vehicles had passed over the road prior to the arrival of the officer, and the tracks had been obliterated.

Upon this conflicting evidence the jury found for the defendant after the trial

court had instructed and defined to the jury negligence and contributory negligence, and had also instructed that under the provisions of § 66–163, A.C.A.1939, as amended (now A.R.S. § 28–721), a person must drive on the right-hand side of the road.

The sole assignment of error is the refusal of the trial court to give plaintiff's requested instruction No. 3, which reads as follows:

> "You are instructed that, except for circumstances not material in this case, Arizona law requires all vehicles to be driven upon the right half of the roadway.

> "I instruct you that failure of the defendant, Mr. Cooper, to abide by and comply with the above statute would be negligence as a matter of law. Therefore if you find that prior to the collision the defendant, Mr. Cooper, violated the above statutory requirement and that this violation was either the sole proximate cause or a contributing proximate cause of the collision, and that there was no contributory negligence on the part of the plaintiffs, then your verdict must be for the plaintiffs, Mr. and Mrs. Romero. A.R.S. [§] 28–721 (A.C.A. 66–163)"

It appears that the trial court settled the instructions submitted by the plaintiff in the absence of a court reporter, and the plaintiff did not make any objection in the record of the refusal of the trial court to give his requested instruction No. 3. Plaintiff contends the failure to give the above instruction constituted fundamental error.

■ 16 A.R.S. Rule 51(a), Rules of Civil Procedure, provides in part as follows:

> "* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

We have repeatedly held that instructions which are not objected to at trial could not be assigned as error. Burton v. Valentine, 60 Ariz. 518, 141 P.2d 847; Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522; Valley Transp. System v. Reinartz, 67 Ariz. 380, 197 P.2d 269; Bean v. Gorby, 80 Ariz. 25, 292 P.2d 199.

■ It appears that the trial court instructed the jury on all the essential elements presented by the evidence, and the failure to give plaintiff's requested instruction No. 3 did not constitute fundamental error.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.