336 P.2d 370

Gladys Golden MICHIE, Personal Representative of the Estate of Charles Glenn Golden, Appellant,

v.

J. W. CALHOUN and John C. Calhoun, co-partners, dba Calhoun Bros. Livestock Transportation Co. and F. E. Gilbert, Appellees.

Gladys Golden MICHIE, Personal Representative of the Estate of Kenneth Golden, Appellant,

v.

J. W. CALHOUN and John C. Calhoun, co-partners, dba Calhoun Bros. Livestock Transportation Co. and F. E. Gilbert, Appellees.

No. 6389.

Supreme Court of Arizona.

March 11, 1959.

Thompson & Willey, Phoenix, for appellant.

Snell & Wilmer and Roger W. Perry, Phoenix, for appellees.

BERNSTEIN, Justice.

These are wrongful death actions, consolidated for trial, for the death of the plaintiff's husband and son in a tragic automobile accident on February 22, 1953. The plaintiff's version of the accident was that the truck owned by the defendants Calhoun, partners, was negligently driven with glaring lights by their employee, defendant Gilbert, blinding the plaintiff's husband, who was driving the vehicle in which the plaintiff and her son were passengers, and causing him to brake his vehicle and skid

into the path of the oncoming truck. Defendants' evidence was that Gilbert had driven with lights at low beam and, centering on the incontrovertible fact that the accident occurred on the truck's side of the highway, suggested that the husband's own negligence in driving was the sole and proximate, or contributory, cause of the accident. Under instructions which plaintiff here seeks to have reviewed, the jury returned a verdict for defendants in both actions.

The challenged instruction bearing on the contributory negligence issue was as follows:

"In the event you should find by a preponderance of the evidence that the deceased, Mr. Golden observed the truck with glaring lights approaching, if such you find, and if you further find that said Mr. Golden continued to drive at a speed which prevented his stopping within an assured clear distance ahead then you are instructed that he was negligent as a matter of law.

"If you further find that said negligence was a proximate cause of the collision then you are instructed it is your duty to return a verdict in favor of the defendants." (Defendants' requested instruction No. 2.)

It also is urged as error that the court rejected plaintiff's requested instruction No. 9 and, instead, gave defendants' requested instruction No. 13. Plaintiff's requested instruction was as follows:

"Involved in this action and for your consideration are two distinct claims, a claim for damage to the estate of the child, Kenneth Golden, and a claim for damage to the estate of the father, Charles Glenn Golden. Because these are separate claims, you must give attention to certain distinctions in considering the defense of contributory negligence.

"Even if it should appear to you from the evidence in this case that there was negligence on the part of Charles Glenn Golden, such negligence, if any, may not be imputed to the son, Kenneth Golden, and shall not constitute a bar to recovery by his estate if otherwise it is entitled to recover."

Defendants' requested instruction, as given, was as follows:

"You are instructed that if you find by a preponderance of the evidence that the deceased, Charles Golden was negligent and that such negligence was a proximate cause of the accident, then it is your duty to return a verdict for the defendants in both of the actions herein for under the circumstances shown the law imputes the negligence of the deceased, Charles Golden to the

plaintiff in both actions." (Defendants' requested instruction No. 13.)

For the reasons hereinafter stated, in the circumstances of this case, we think the above-quoted instructions given were erroneous and fundamentally prejudiced the verdict.

■ The instruction concerning the husband's alleged contributory negligence constitutes a version of the "range of vision" rule still followed in some jurisdictions. This court, after careful consideration of such a rule and its implications, rejected it as wanting in reason as revealed by the test of variant cases calling for its application. In Alabam Freight Lines v. Phoenix Bakery, Inc., 64 Ariz. 101, 115–116, 166 P.2d 816, 824, we said:

"* * * The rule if treated as absolute in all its implications would result in more harm than good. To prevent gross injustice in many circumstances would require the continual recognition of exceptional situations within the rule as heretofore stated. Each case must be considered in the light of its own peculiar state of facts and circumstances. We believe the just test to be: What would an ordinary prudent person have done under the circumstances as they then appeared to exist? * * *"

Our rejection of the rule was made explicit in Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325. We take this occasion again to affirm our adherence to the rule that each case requires its own answer in terms of what "an ordinary prudent person" would have done in the circumstances presented.

■ In addition to the foregoing, it deserves special note that the challenged instruction in effect pronounced that plaintiff's husband was *contributorily* negligent as a matter of law. In the circumstances of the case, particularly the inevitable conclusion that the accident would have been averted if plaintiff's vehicle had stopped short, the jury might well have interpreted the instruction as a direction that verdicts for defendants were required. As in Wolfswinkel v. Southern Pacific Company, 82 Ariz. 33, 35, 307 P.2d 1040, 1041, "This instruction was in form mandatory. In fact, it was in effect an instructed verdict for the defendant on the question of contributory negligence. * * *" Whatever charge might have been appropriate if a defendant's negligence were being considered, Article 18, Section 5 of our Constitution, A.R.S. forbids such an instruction as regards the contributory negligence of a plaintiff. That provision is that

"The defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to a jury."

This constitutional provision has been interpreted many times. Varela v. Reid, 23 Ariz. 414, 204 P. 1017; Fox Tucson Theatres Corporation v. Lindsay, 47 Ariz. 388, 394, 56 P.2d 183, 185; Campbell v. English, 56 Ariz. 549, 554–555, 110 P.2d 219, 221–222; Butane Corporation v. Kirby, 66 Ariz. 272, 280, 187 P.2d 325, 331; Zancanaro v. Hopper, 79 Ariz. 207, 213, 286 P.2d 205, 210; Wolfswinkel v. Southern Pacific Company, supra, on rehearing, 82 Ariz. 33, 307 P.2d 1040. All of the cited decisions are in agreement that an instruction such as was given here must be condemned as an unconstitutional invasion of the jury's province.

■ We turn now to the ruling of the trial court imputing any negligence of the driver of the plaintiff's car, the husband and father, to the plaintiff in both actions. Under our wrongful death statute, A.R.S. § 12–611, liability attaches only when the death is such "as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof." We interpret this to mean that any contributory negligence of the decedent for whose death the action is brought is to be imputed to the plaintiff. Thus, the ruling was correct in respect of the action brought for the death of the husband.

■ But in the action brought for the death of the son, it was not claimed that the son, only eleven years old, himself was contributorily negligent. Rather, defendants contended, and the court ruled, that the alleged contributory negligence of the father was imputable to the son and thus to the plaintiff. The only ground for sustaining that ruling is provided by our decisions that a person should not be allowed to gain from his own negligence; to that, to the extent that a party, such as a father, would share in a wrongful death recovery, the defendant is provided with a defense based on his, the father's, contributory negligence. Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A.L.R. 661; Womack v. Preach, 64 Ariz. 61, 165 P.2d 657. That reasoning might be invoked by viewing the facts as they existed at the time the cause of action arose, when the son died. At that moment, the father was yet alive, so that he would have had the right to maintain the action, A.R.S. § 12–612, and, unless his contributory negligence were a bar, to claim damages to him as the result of the loss of his son, A.R.S. § 12–613. Moreover, it might be contended that moneys awarded the mother also would be the father's community property.

We think to adopt so constricted a view of the facts would be to act sophistically. However much easier it would be to ignore all that occurred after the cause of action accrued, the court cannot be blinded to the fact that the father did die and that recovery, accordingly, could not in any way

benefit a negligent party. The Supreme Court of California recently has had occasion to consider the question, Flores v. Brown, 39 Cal.2d 622, 631–632, 248 P.2d 922, 927, and we think its opinion is worthy of quotation:

"It is contended, however, that the rights of the parties arising out of an accident must be determined as of the time that the causes of action arise, and that the right to recover for personal injuries or the wrongful death of a minor child should not turn upon the chance of whether or not the plaintiff's spouse survives until after the statute of limitations has run or judgment has been rendered. It is not unusual, however, for the chance chronology of death to determine whether recovery may be had. It does so in all tort actions that abate on the death of one or the other of the parties. It would govern here, even if we were to hold that the determinative issue was whether Felipe died before or after his father. If he died after his father, his mother's action for his wrongful death could in no event be considered community property. Although there is evidence from which the jury could have found that Mr. Flores survived his son, we think this issue was properly not presented to them. Undoubtedly, convenience and certainty in litigation would be served if facts occurring after the accrual of a cause of action could be ignored, but benefits so achieved would be far outweighed by the hardship and injustice of applying a rule designed to prevent unjust enrichment after the reason for it has ceased to exist. See, Civil Code, § 3510. When the husband is dead, not only is the reason for the rule imputing his negligence to his wife gone, but to apply it defeats its own purpose. It is but a windfall to a defendant who negligently injures a wife or causes the death of a minor child that recovery may be barred because the wife's husband was also negligent. Although allowing the negligent defendant to escape liability has been considered a lesser evil than allowing the negligent spouse to profit from his own wrong, surely the former evil may not be balanced by the latter when the latter is no longer present. * * *"

We rule that it was error to impute the negligence of the father to the plaintiff in the action for the death of the son.

██ We have left to the last defendants' principal contention in order to have our ruling on that issue understood in light of the serious errors of law propounded in the trial of the action. Defendants' contention is that Rule 51(a) of our Rules of Civil Procedure, 16 A.R.S. precludes the assignments of error here made on the ground that plaintiff did not

properly object to the instructions given, "stating distinctly the matter to which (s)he objects and the grounds of (her) objection." Numerous of our decisions caution that we view the rule seriously and demand adherence to it. See, e. g., Romero v. Cooper, 84 Ariz. 158, 325 P.2d 412; Musgrave v. Githens, 80 Ariz. 188, 294 P.2d 674; Bean v. Gorby, 80 Ariz. 25, 292 P.2d 199; Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420. At the same time, when fundamental error appears, we must take pains to examine the individual case in light of the purpose of the rule to see if, in fact, sufficient objection was made in the particular trial setting. The oft-stated purpose of the rule, of course, is to give the trial judge the benefit of counsel's best urging so that the judge may construct his charge advisedly, a purpose which, if accomplished, contributes to the efficient administration of justice by reducing the occasions for retrials. Moreover, in such a case, a discretionary power inheres in an appellate court to review errors not saved by proper objection, a discretion which, however, is to be exercised sparingly and only in exceptional cases.

▮ Here, the record of objections made plainly is not a commendable one in the light of Rule 51(a). Nevertheless, considering the fundamental nature of the errors implicit in the quoted instructions, we think this an appropriate case to take cognizance of the errors committed.

Accordingly, both judgments are reversed with directions to grant a new trial.

PHELPS, C. J., and STRUCKMEYER, UDALL and JOHNSON, JJ., concur.