419 P.2d 502

**Francis C. MILAM, Appellant,**

v.

**Sarah Ann MILAM, Appellee.**

**No. 7800.**

Supreme Court of Arizona.

In Division.

Oct. 19, 1966.

Rehearing Denied Nov. 22, 1966.

Lawrence C. Cantor, Murray Miller, Phoenix, for appellant.

Loretta Whitney, Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

This action was brought by Sarah Ann Milam, appellee, for a divorce against Francis C. Milam, appellant. Judgment was entered in favor of appellee for a divorce and for child support for three children, the natural issue of the parties. From that judgment, this appeal has been taken.

Appellant represented himself in the trial court, obtaining present counsel to assist him in presenting this appeal. He first urges that three times he noticed the taking of a deposition of a witness who later appeared and testified for appellee at the trial. He urges that the trial court should not have permitted the witness to testify. However, we do not think that it is within the discretion of the trial court to refuse to permit a witness to testify under these circumstances. The only witnesses who are disqualified from testifying at the trial through failure to attend and testify at a deposition are those who are either a party or an officer or managing agent of a party. Rule 37(d), Rules of Civil Procedure, 16 A.R.S. Appellant's remedy was to apply to the trial court for an order directing the witness to appear and testify at the taking of her deposition and, if she still refused, apply to the court for a citation of contempt. Rule 37(b) 1, Rules of Civil Procedure.

Appellant next complains that the trial court erred in submitting to the jury the issue of support for two children of the parties who were born prior to their marriage. Appellant admitted in his pleadings that the two children were the natural issue of the parties and he asked the trial court for their custody. Appellant argues here that a divorce court may determine only the rights of children born during but not prior to marriage and that the remedy to determine the right to support must be the subject of a paternity action as provided by A.R.S. § 12-845. This presents the question whether children born prior to the marriage of their natural parents may be treated as children of that marriage so that provision

for their support may be included in the decree of divorce.

By § 14–206, subsec. A, A.R.S.:

"Every child is the legitimate child of its natural parents and is entitled to support and education * * *."

By § 25–319, A.R.S., the superior court is authorized to award such amounts as are necessary for the support and maintenance of the "minor children of the parties". It does not, by its language, provide that children must be born during coverture.

▪ The two foregoing sections should be read *in pari materia*. When children are born out of wedlock they are deemed by law to be legitimate. They are, of course, entitled to support from their natural father and paternity can be established by an action to that end. However, we think such a suit is unnecessary where paternity is admitted by the natural parents in a divorce action, for there appears no legitimate grounds in public policy or otherwise why the admissions of paternity in a divorce action should not give the court jurisdiction to award support under § 25–319, supra. Miles v. Miles, 20 Ill.App.2d 375, 156 N.E. 2d 371, and see Carter v. Carter, 232 N.C. 614, 61 S.E.2d 711.

▪ Appellant complains that the trial court erred in failing to submit to the jury an interrogatory as to whether appellee had cohabited with him after the filing of the complaint for divorce. Appellant urges that the issue of condonation, because of sexual intercourse and cohabitation, was raised even though he made no request for an interrogatory nor objected to the interrogatories which were submitted. By Rule 39(*l*), Rules of Civil Procedure, 16 A.R.S., in actions where equitable relief is sought, if a jury is demanded, the court *may* submit written interrogatories to the jury covering all *or part* of the issues. However, the jury's answers are advisory only to the court.

▪ We first note that, by Rule 39(*l*), the court *may* submit written interrogatories to the jury covering all or part of the issues. This language is obviously permissive. We think the pronouncements of the Court of Appeals in Hammontree v. Kenworthy, 1 Ariz.App. 472, 404 P.2d 816, are correct.

"There being no case holding it to be error not to submit an issue of fact as to which there has been no request for an interrogatory, this court is of the opinion that better logic and greater practicality lie with the holding that there is no error if the court fails to submit an issue of fact to an equity jury, where there has been no request for an interrogatory on the subject by either party." 1 Ariz.App., at 479, 404 P.2d at 823.

▪ Notwithstanding, we think the rule demanding that questions be first raised in the trial court before they will be considered on appeal has application here. By court rule, for example, a litigant is required to raise in the trial court errors in the giving or refusing of instructions. See Rule 51(a), Rules of Civil Procedure, 16 A.R.S., and State v. Evans, 88 Ariz. 364, 356 P.2d 1106. The reason for the rule "is to give the trial judge the benefit of counsel's best urging so that the judge may construct his charge advisedly, a purpose which, if accomplished, contributes to the efficient administration of justice by reducing the occasions for retrials." Michie v. Calhoun Bros. Livestock Transportation Co., 85 Ariz. 270, 276, 336 P.2d 370, 374.

▪ Plainly, a party should have the opportunity to avoid a reversal and the expense and delay of a new trial by requiring that questions such as the one now raised be first submitted for decision at the trial court level. In the instant case, the court submitted nine written interrogatories to the jury. Appellant did not advise the court he desired that the issue of condonation be submitted and made no objection to the interrogatories as submitted. The present complaint in this Court will not be considered since it is untimely. See Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136.

▪ Appellant here argues extensively that there was condonation, pointing

to his uncorroborated testimony; but this was denied by appellee. The issue was impliedly resolved against appellant by awarding appellee a judgment for divorce and we will not disturb such a determination where there is credible evidence to support it. Bohmfalk v. Vaughn, 89 Ariz. 33, 357 P.2d 617; Kellogg v. Bowen, 85 Ariz. 304, 337 P.2d 628; Hamilton v. McDaniel, 71 Ariz. 371, 227 P.2d 755.

 Appellant complains that he was deprived of due process because the trial court sustained objections to certain impeaching questions asked by him and that the trial court made certain comments in ruling upon the questions which could possibly have affected the verdict of the advisory jury. We do not think it necessary to enlarge this decision by quoting the testimony and the court's ruling, being satisfied simply to say that we are unable to perceive how the sustaining of the objection to his questions damaged his case or wherein the trial judge's ruling could have possibly affected the jury's verdict or answers to the interrogatories. In no event would we consider such miniscule as grounds for reversal unless it appeared from the entire record that there was doubt that the trial court arrived at a proper result.

 In appellant's final complaint, he directs this Court to volume one of the reporter's transcript, stating that he asks the Court to read it as it highlights what he feels to be error in rulings on evidence and comments by the trial judge. We have read the record but we will not search it for possible error favorable to either of the parties. The members of this Court are not advocates and their obligation is to pass upon specific questions upon which counsel for the opposing party has had an opportunity to speak.

The judgment of the superior court is affirmed.

BERNSTEIN, V. C. J., and UDALL, J., concur.