452 P.2d 703

The STATE of Arizona, Appellee,

v.

Earl BROOKSHIRE, Appellant.

No. 1844.

Supreme Court of Arizona.

In Division.

April 2, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Darrell F. Smith, Former Atty. Gen., for appellee.

Minne & Sorenson, by Harold E. Whitney, Phoenix, for appellant.

McFARLAND, Justice.

Earl Brookshire, hereinafter referred to as defendant, was convicted of the crime of drawing a check on insufficient funds (with prior conviction), and sentenced to serve not less than eight nor more than ten years in the Arizona State Prison. From the conviction and sentence he appeals.

Defendant was charged with the crime of drawing a check

"* * * with intent to defraud, delivered to Leroy James a check in the amount of $150.00, on the Pioneer Bank, knowing that he, or his principal did not have sufficient funds in, or credit with such bank to meet the check in full; all in violation of Section 13–316, A.R.S. as amended, 1960 * * *."

Defendant contends the court erred in its instructions to the jury. The trial court read the following portion of A.R.S. § 13–316 in its instruction:

"Section A. A person who, for himself or for another, wilfully with intent to defraud, makes, draws, utters, or delivers to another person * * * a check * * * or draft * * * on a bank or depositary for payment of money knowing at the time of such making, drawing, uttering or delivery that he * * * *does not have an account* * * * does not have sufficient funds in or credit with such bank or depositary to meet the check or draft upon presentation shall be punished as follows:

"1. If the check or draft is in the amount of $100 or more he is guilty of a felony.

\* \* \* \* \* \*

"3. *If the check or draft in any amount is drawn on a bank or depositary in which he knowingly does not have an account he is guilty of a felony.*" [Emphasis added.]

While the verdict forms were being read to the jury, counsel for the State asked permission to approach the bench. After a discussion, of which no record was taken, the court said:

"I will reread the pertinent parts of the section of the Arizona law that applies in this case."

Then the court again read portions of A.R.S. § 13–316. The difference between the two readings was the omission in the second reading of language which pertains to the crime of drawing a check on a bank without an account.[1]

Immediately after the second reading of A.R.S. § 13–316, counsel for defendant asked permission to approach the bench. At the conclusion of the discussion, again without any record made, the court said:

"The jury will disregard the law as it was read to you prior."

Counsel for defendant presents the only question on appeal as follows:

"Did the Court commit fundamental error and thereby deprive defendant of a fair and impartial trial, necessitating a reversal of the judgment where, after instructing the jury and before the jury had retired, the jury was told by the Court to 'disregard the law as read to you prior'?"

■ Defendant was charged with, wilfully with intent to defraud, drawing a check on a bank without sufficient funds. The information had been read to the jury. It is plain that the court was merely omitting that part which pertained to the drawing of a check on a bank without an account. However, if there were any confusion in the minds of the jurors as to which one of the readings the court was instructing the jury to disregard, the instructions taken as a whole correctly stated the law.

Since defendant was informed against only for the crime of drawing a check on insufficient funds, the language in the first reading which refers to drawing a check on a bank without an account should not have been used. However, it was not prejudicial error because the instruction as a whole explained the law applicable to the case. Taylor v. State, 27 Ariz. 228, 232 P. 552. The trial judge thoroughly explained the correct application of A.R.S. § 13–316 to the facts presented in the case when he further instructed the jury:

"Now the gist of the offense charged against the Defendant in the information is fraudulent intent, hence, findings which are necessary to sustain a verdict of guilty and which must be supported by the evidence are these: First, that the Defendant made, drew, uttered or delivered the check in question and in so doing acted wilfully and with intent to defraud. Second, *that at the time of so doing he knew that he, the drawer of the check, had neither funds nor credit with the drawee, the bank upon which the check was drawn, to meet the check in full when it was presented.*" [Emphasis added.]

■ Only two verdict forms were given to the jury—one finding defendant guilty of drawing a check on insufficient funds and the other finding defendant not guilty; the information was read to the jury; all of the evidence presented at the trial tended to support the theory of the crime charged in the information; and the jury was well advised of the applicable law by the instructions that were given.

In Macias v. State, 36 Ariz. 140, 153, 283 P. 711, 716, we said:

"It is only when the instructions taken as a whole are such that it is reasonable to suppose the jury would be misled thereby that a case should be reversed for error therein. We think as good a test as any of whether specific sentences or phrases of the instructions contain reversible error is as follows: If any instruction directly contradicts the true rule of law so that the jury would be misled thereby on a material point, it is, of

1. The italicized words in the portion of A.R.S. § 13–316 which appears supra were omitted in the second reading.

course, fatal; if, however, it is merely incomplete in itself, but when taken together with proper qualifications made in some other portion of the instructions it correctly states the law, it is not reversible error, unless it is so ambiguously worded that a reasonable man, taking the instructions as a whole, would be misled thereby. * * *"

■ Since the record does not show that counsel for defendant made an objection to the instructions as given, he was evidently satisfied that the rights of defendant were not prejudiced by them. He thereby waived the objection to the instruction which he now states in his brief is prejudicial.

Rule 51(a), Rules of Civil Procedure, 16 A.R.S., requires that a litigant raise any question in the trial court of errors in the giving or refusing of instructions. State v. Evans, 88 Ariz. 364, 356 P.2d 1106. In Milam v. Milam, 101 Ariz. 323, 419 P.2d 502, we held:

" * * * The reason for the rule 'is to give the trial judge the benefit of counsel's best urging so that the judge may construct his charge advisedly, a purpose which, if accomplished, contributes to the efficient administration of justice by reducing the occasions for retrials.' Michie v. Calhoun Bros. Livestock Transportation Co., 85 Ariz. 270, 276, 336 P.2d 370, 374."

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, J., concur.