540 P.2d 173

**Giles HUBBARD and Elsie W. Hubbard, husband and wife, Appellants,**

v.

**Hall M. MATLOCK, Appellee.**

**No. 2 CA–CIV 1840.**

Court of Appeals of Arizona, Division 2.

Sept. 23, 1975.

Rehearing Denied Oct. 22, 1975.
Review Granted Nov. 25, 1975.
Appeal Dismissed Feb. 2, 1976.
See —— P.2d ——.

Slutes, Zlaket, Sakrison & Wasley, by D. Thompson Slutes, Tucson, for appellants.

Erik M. O'Dowd, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This is an appeal from the trial court's denial of appellant's motion for a new trial. Appellee, hereinafter referred to as plaintiff, recovered a judgment against the estate of James J. Walden, and the appellants Giles and Elsie Hubbard, hereinafter referred to as defendants. The facts, viewed in the light most favorable to upholding the judgment, follow.

Plaintiff had lived with Walden for several years during which time Walden conveyed five parcels of real estate to her. After they separated, she conveyed one of the parcels back to Walden. At the time the deed was notarized, only one piece of land was listed. Later, four other parcels were added to the deed without plaintiff's knowledge. Testimony of three witnesses that Walden stated he had stolen the property from plaintiff was admitted against the estate of Walden only, and not against the other defendants.

The first issue we consider is whether there was sufficient evidence to support the judge's instruction on rental value. The record shows no objection to the instruction. Unless there is fundamental error, an objection is required to preserve the issue for appeal. *Michie v. Calhoun*, 85 Ariz. 270, 336 P.2d 370 (1959); *Romero v. Cooper*, 84 Ariz. 158, 325 P.2d 412 (1958). Also see, 16 A.R.S., Rules of Civil Procedure, Rule 51(a). As we find no fundamental error, defendants are precluded from raising this issue on appeal.

In his closing argument plaintiff's attorney stated that three witnesses implicated Walden "and another fellow that is another defendant." The Hubbards' attorney objected. The court told the jury that the comments of counsel are not evidence, but that counsel could argue reasonable inferences. Although the judge's admonition was not the proper one in this situation, the Hubbards' attorney made no further effort to correct the error.

Since the testimony of these witnesses was admitted only against the Walden estate, the statement by plaintiff's attorney

was improper. *Bank of Arizona v. Thomas Haverty Co.,* 13 Ariz. 418, 115 P. 73 (1911). However, as the Hubbards' attorney did not request that the judge instruct the jury to disregard the statement, he did not preserve the issue for appeal. Furthermore, the jury was properly instructed at the close of the case that evidence admitted only against one defendant could not be used against the others.

The final issue presented is whether the plaintiff's attorney may, in his rebuttal argument, discuss a subject not mentioned by the defense attorney in his closing argument.

At the end of his opening argument, plaintiff's attorney told the jury he would discuss punitive damages later. Neither opposing attorney mentioned punitive damages in their closing arguments. When plaintiff's attorney began to discuss punitive damages in his rebuttal, the Hubbards' attorney objected. The court overruled the objection.

▇ It is the general rule that the plaintiff makes an opening argument, the defendant responds and advances his own issues, and the plaintiff then rebuts the arguments raised by the defendant. The scope of rebuttal is limited to matters discussed by the defendant. *Continental Bus System, Inc. v. Toombs,* 325 S.W.2d 153 (Tex.Civ.App.1959); *Goldstein v. Fendelman,* 336 S.W.2d 661 (Mo.1960); *Heddendorf v. Joyce,* 178 So.2d 126 (Fla.App. 1965). However, this rule has not been strictly enforced. *Tilghman v. Chicago & North Western Railway Co.,* 253 Iowa 1339, 115 N.W.2d 165 (1962). The major reason for not allowing the plaintiff to exceed the scope of rebuttal is that when he does so the defense attorney is not able to reply to the plaintiff's argument.

The Missouri Supreme Court has strictly limited the plaintiff's closing argument to rebuttal. In *Shaw v. Terminal Railroad Ass'n of St. Louis,* 344 S.W.2d 32 (Mo. 1961), the plaintiff's attorney at the end of his opening argument said there were other things he would discuss later. The defense attorney then stated that he would object to any points not mentioned by himself in his closing, and that if plaintiff was going to discuss damages, he wanted an opportunity to respond. The trial court overruled defendant's objection and plaintiff's attorney argued damages on rebuttal even though the defense attorney did not mention damages in his argument.

The court stated:

"We recognize that there may be cases where a point has been inadvertently overlooked in the opening and, in the court's discretion, it may be permissible to supply it later . . . But we do hold, here and now, that the party having the affirmative of the issues in a suit such as this may not, after full notice and warning, withhold all argument on the vital questions of injuries and damages; we further hold that the trial court abused its discretion in permitting this argument in the reply, and that, under the circumstances of this case, the error was prejudicial." 344 S.W.2d at 36–37.

▇ Although it was error to permit the plaintiff's attorney to exceed the scope of rebuttal in the present case, defense counsel could have avoided any prejudice by asking leave of the court to reply to the argument. Since he did not do so, the Hubbards cannot now claim prejudice.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concurring.